IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN TURNER,<br><br>        Plaintiff,<br><br>    v.<br><br>ARAMARK FACILITY SERVICES, LLC,<br><br>        Defendant. | Civil Action No. _____ |

**DEFENDANT'S NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446**

TO THE CLERK OF THE COURT:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Aramark Facility Services, LLC ("Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby submits this notice of removal of this matter to the United States District Court for the District of Rhode Island from the Rhode Island Superior Court, Kent County. The grounds for removal are as follows:

**State Court Action**

1.    On June 3, 2021, Plaintiff commenced this action by filing a Complaint ("Complaint") in the Rhode Island Superior Court, Kent County, captioned as *John Turner v. Aramark Facility Services, LLC*, bearing Docket No. KC-2021-0489.

2.    On or about June 16, 2021, Defendant received a copy of the Summons and Complaint by a process server. A true and correct copy of the Summons and Complaint served on Defendant are attached as Exhibit A to Defendant's Notice of Removal.

3. No other proceedings were held in the Rhode Island Superior Court, and the Summons and Complaint constitute all processes and pleadings served upon Defendant in this case.

**Nature of the Action in the Complaint**

4. The Complaint asserts claims against Defendant for alleged violations of R.I.G.L. § 37-13-17 and RJ.G.L. § 28-50-4.

**Removal of State Court Action**

5. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

6. Under these standards, this action is removable to this Court pursuant to Section 1441 because the Court has original jurisdiction over the matter as there is complete diversity of citizenship between the parties.

**Diversity of Citizenship**

7. Plaintiff is a citizen of and resides in Rhode Island. *See* Compl., ¶ 1.

8. Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Defendant is a Delaware limited liability company with a principal place of business in Philadelphia, Pennsylvania. Defendant asserts that the sole member of Defendant is Aramark Services, Inc., which is a Delaware corporation with its headquarters and principal place of business in Philadelphia, Pennsylvania. Defendant's ultimate parent is Aramark, which is a

corporation formed under the laws of the State of Delaware, and has its headquarters and its principal place of business in Philadelphia, Pennsylvania.

9.  As Plaintiff is a citizen of Rhode Island, and Defendant and its sole member are citizens of Pennsylvania and Delaware, this action is between "citizens of different states." See 29 U.S.C. § 1332(a)(1).

10.  While Plaintiff does not quantify the precise amount of damages he is seeking to recover, it appears to a reasonable probability that he can recover at least $75,000 if he prevailed in this Action (which Defendant disputes). *See Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 75 (1st Cir. 2020) (noting that defendant is only required show with "reasonable probability" that amount in controversy is met). In the Complaint, Plaintiffs seek damages for alleged (1) economic damages; (2) "all damages as a result of his acting as a whistleblower;" (3) punitive damages; and (4) attorneys' fees. *See* Compl. at p. 2.

11.  Because the parties are diverse, and it appears to a reasonable probability Plaintiff could recover at least $75,000 if he prevailed in this action (which Defendant disputes), this action is properly removed on diversity grounds.

**Venue**

12.  The United States District Court for the District of Rhode Island is a proper venue for removal because it is the federal judicial district in which the Complaint alleges that a substantial part of the alleged events and/or conduct giving rise to the claim occurred. Additionally, the court where the state court action was brought and is pending is located within the United States District Court for the District of Rhode Island, and therefore is the proper district court to which this case should be removed.

**Timeliness of Notice of Removal**

13. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is timely filed with this Court because thirty days has not yet expired since Defendant received the Complaint. Upon information and belief, no other defendant has been named in this action or served with the Complaint.

**State Court Pleadings**

14. Pursuant to 28 U.S.C. § 1446(d), Defendant simultaneously filed copies of all process, pleadings, and orders existing on file in the State court in this removed action. Further, pursuant to 28 U.S.C. § 1446(d), Defendant properly gave written notice of the removal filings to Plaintiff and filed a true and correct copy of the Notice of Filing Notice of Removal ("Notice of Filing") with the Clerk of the Rhode Island Superior Court, Kent County. A copy of such Notice of Filing is attached to the Notice of Removal as Exhibit B.

15. By filing its Notice of Removal in this matter, Defendant does not waive its right to assert any and all defenses and/or objections in this case.

16. The undersigned is counsel for and is duly authorized to effect removal on behalf of Defendant.

WHEREFORE, Defendant Aramark Facility Services, LLC respectfully requests that this action be removed from the Rhode Island Superior Court, Kent County and that this Court take jurisdiction over further proceedings.

Dated:  July 6, 2021                    DEFENDANT,
                                        ARAMARK FACILITY SERVICES, LLC

                                        By: */s/ Brian N. Goldberg*
                                        Brian N. Goldberg (#7585)
                                        Tang & Maravelis, P.C.
                                        200 Toll Gate Road, Unit 203
                                        Warwick, RI 02886
                                        Phone: (401) 384-7265
                                        Fax: (401) 384-7663 Email:
                                        bgoldberg@tangmaravelis.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2021, a copy of the foregoing Notice of Removal was sent by email and U.S. Mail to:

Bernard P. Healy, Esq. (#2072)
LAW OFFICE OF BERNARD P. HEALY
750 East Avenue
Pawtucket, RI 02860
Telephone: 401.721.2260
Fax: 401.721.2230
Email: bphealy@verizon.net

*Attorneys for Plaintiff*

                                        */s/ Brian N. Goldberg*
                                        Brian Goldberg